UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
:
MICHAEL A. RIFFICE,                       :
:
                        Plaintiff,    :    11 Civ. 671 (TPG)
:
       – against –                        :    **OPINION**
:
MANGROUP USA INC., et al.,                :
:
                     Defendants.   :
:
------------------------------------------x

    Plaintiff Michael Riffice brings this action for multiple tort and contract claims arising from his employment and termination from defendant ManGroup USA Inc. ("ManGroup"). Defendant MF Global Holdings USA, Inc. ("MFGHUSA") is a successor in interest to ManGroup.

    On October 31, 2011, MF Global Holdings Ltd. ("MFG") and one of its wholly owned subsidiaries, MF Global Finance USA Inc., filed for bankruptcy. MFGHUSA is a wholly owned subsidiary of MFG.

    Herrick, Feinstein LLP ("Herrick") has represented MFGHUSA in this action since its inception. Herrick now moves to withdraw as counsel of record on the ground that it has not been paid legal fees in this case and that its client is unlikely to be able to pay legal fees, in light of its affiliates' bankruptcy filings. Plaintiff does not oppose Herrick's request to withdraw but requests that certain conditions be imposed.

    Herrick's motion is granted, without the conditions requested by plaintiff.

Facts

Plaintiff was employed at ManGroup from September 2004 through January 2009, at which time plaintiff was terminated. Plaintiff had an employment agreement with ManGroup. He alleges that ManGroup violated that agreement in various ways and also committed various torts against plaintiff during and after his employment.

As stated above, MFGHUSA's parent company MFG and its wholly owned subsidiary MF Global Finance USA Inc. are in bankruptcy proceedings. Also, the Securities Investor Protection Corporation has initiated proceedings for the liquidation of MF Global Inc., the principal U.S. operating subsidiary of MFG.

The parties are in the early stages of litigation in this action. They have exchanged initial disclosures and requests for the production of documents. To date, they have not completed documentary discovery and have not taken any depositions. The parties do not have any scheduled appearances before the court, and no trial date has been set.

As noted above, Herrick—through its attorneys Therese M. Doherty, Esq., and LisaMarie F. Collins, Esq.—has represented MFGHUSA in this action since its inception in January 2011. Herrick has billed MFGHUSA approximately $55,000 in legal fees for work in this matter from July 1, 2011, through October 31, 2011. MFGHUSA has received the invoices and does not dispute that it owes Herrick approximately $55,000. Herrick has made repeated attempts to collect the outstanding sums without success. MFGHUSA has advised Herrick that it has no funds to pay the fees. Herrick alleges that continuing to defend MFGHUSA would require costly discovery and motion practice.

Before the bankruptcy filing, Herrick had begun collecting electronically stored information ("ESI") in response to plaintiff's Rule 34 request, which was served on MFGHUSA in August 2011.  In a letter dated August 17, 2011, Herrick proposed to plaintiff's counsel, Carl Liggio, that Herrick conduct searches of the ESI using specified search terms in order to collect documents potentially responsive to plaintiff's Rule 34 Request.  By letter dated August 22, 2011, Liggio rejected the search terms proposed by Herrick but did not propose alternate search terms or an alternate strategy for the collection of ESI that would be potentially responsive to plaintiff's Rule 34 request.  By letter dated September 9, 2011, Herrick suggested the parties meet and confer regarding, *inter alia,* issues with respect to electronic discovery.  Herrick proposed four possible dates for the meet and confer.  Plaintiff did not respond.

The Current Motion

Herrick now moves to withdraw as counsel of record on the ground of nonpayment of fees.

Plaintiff does not oppose counsel's withdrawal from this proceeding provided that the withdrawal is conditioned on the following:

1. That Herrick produce all documents in its possession relative to this action however and whenever acquired from the defendant or any other related entity regardless of whether they were specified in plaintiff's Rule 34 request;

2. That Herrick produce any interview notes or other materials obtained from any potential witnesses in this case or which were created for counsel

relative to the issues in this case; and

3. That Herrick be ordered to preserve all of its files with respect to this action.

Herrick agrees to preserve all files. However, it argues that it is inappropriate to require it to continue with discovery.

### Ruling

In view of the fact that Herrick is not being paid for its services, and that a substantial balance has already built up, the court grants Herrick's motion to withdraw as counsel for defendants.

Also, the court will not require Herrick, as a condition for withdrawal, to continue with discovery proceedings. Herrick agrees to preserve its files, and that is all that will be required.

The court will conduct further proceedings on the issue of legal representation of MFGHUSA.

SO ORDERED.

Dated: New York, New York
August 13, 2012

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/12